2023 PA SUPER 63

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN CHARLES LAUR | : | |
| | : | |
| Appellant | : | No. 706 WDA 2022 |

Appeal from the Judgment of Sentence Entered May 9, 2022
In the Court of Common Pleas of Clarion County Criminal Division at
No(s):  CP-16-CR-0000241-2021

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

OPINION BY COLINS, J.:                                    **FILED: APRIL 11, 2023**

Appellant, Jonathan Charles Laur, appeals from the judgment of sentence imposed by the Court of Common Pleas of Clarion County (trial court) following his plea of guilty to simple assault.[1]  Appellant challenges the portion of his sentence that ordered him to pay restitution to the Clarion County Jail. For the reasons set forth below, we vacate the restitution portion of Appellant's sentence.

On May 18, 2021, Appellant, who at the time was an inmate at the Clarion County Jail, struck another inmate (Victim) in the head in a fist fight. Criminal Complaint Affidavit of Probable Cause; N.T. Plea at 7-8; N.T. Restitution at 4-6.  Appellant was subsequently charged with simple assault,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701(a)(1), (b)(1).

graded as a second-degree misdemeanor.  Criminal Complaint; Information. On December 15, 2021, Appellant entered a negotiated plea of guilty to simple assault, graded as a third-degree misdemeanor on the ground that the assault was in a fight or scuffle by mutual consent, under a plea agreement providing that he would receive a sentence in the standard guideline range.  N.T. Plea at 4-10.  The plea agreement also provided that the Commonwealth would request restitution, but did not include an agreement concerning the amount of restitution.  *Id.* at 4-5.

On February 9, 2022, the trial court sentenced Appellant to one year of probation.  N.T. Sentencing at 10-12; Sentencing Order.  At the sentencing hearing, the Commonwealth requested that the trial court as part of Appellant's sentence order $87,600.50 in restitution payable to the Clarion County Jail for bills that they received for medical treatment provided to Victim following the fight.  N.T. Sentencing at 3-4.  Appellant disputed both the amount of restitution and whether Clarion County Jail was a party to whom Appellant could be ordered to pay restitution and contended that it would be appropriate to hold a later hearing before ordering any restitution.  *Id.* at 5-9.  The trial court deferred ruling on the restitution request and scheduled a restitution hearing.  *Id.* at 11; Trial Court Order. 2/25/22.

On March 7, 2022, the trial court held a restitution hearing.  At this hearing, the Commonwealth introduced evidence that three hours after the fight, Victim was found bleeding and unresponsive in his cell and was airlifted

to a hospital in Pittsburgh. N.T. Restitution at 6-7, 13-14. The warden of the jail testified that the Clarion County Jail had been billed $87,600.50 for Victim's medical care and the Commonwealth introduced documents showing that it was billed that amount. *Id.* at 10, 14; Commonwealth Restitution Ex. 1. The warden testified that the $87,600.50 that was billed would be reduced by payments from Medicare, Medicaid, or some other insurance provider or by negotiation as to the payment rate and that the Clarion County Jail would only be responsible for paying part of those bills. N.T. Restitution at 10-12, 15-17. The warden further testified that as of the date of restitution hearing, the Clarion County Jail had not paid any portion of the bills for Victim's medical care. *Id.* at 15.

Following this hearing, the trial court on May 9, 2022 ordered Appellant to pay restitution to the Clarion County Jail in the amount of $87,650.00,[2] with the amount to be offset by any future reimbursements that the Clarion County Jail receives for these medical expenses. Trial Court Order, 5/9/22. This timely appeal followed.[3] Appellant raises two issues in this appeal:

---

[2] The order states that amount of restitution imposed is $87,650.00, even though the Commonwealth's request was for $87,600.50, and the trial court's opinion does not explain this discrepancy. Given our resolution of this appeal, we need not resolve that issue.

[3] Because Appellant expressly consented to the trial court holding a separate restitution hearing subsequent to its imposition of his sentence of probation, this was a lawful bifurcated sentencing proceeding and Appellant's sentence became final when the last part of the sentence, the restitution order, was

- 3 -

1. Whether the Trial Court abused its discretion in ordering Appellant to pay restitution to the Clarion County Jail because the Jail is not a "victim" as considered by 18 Pa.C.S. § 1106(h), and is therefore not entitled to an award of restitution in a criminal case.

2. Whether the trial court abused its discretion in ordering Appellant to pay $87,650.00 in restitution for all of the expenses incurred by the Clarion County Jail as a result of a plea to single count of Simple Assault by Mutual Combat, and that amount was speculative and not supported by the record.

Appellant's Brief at 4.

Appellant's first issue asserts that the trial court lacked statutory authority under the Crimes Code to order him to pay restitution to the Clarion County Jail. That is a non-waivable challenge to the legality of his sentence over which our scope of review is plenary and our standard of review is *de novo*. **Commonwealth v. Cochran**, 244 A.3d 413, 420 (Pa. 2021); **Commonwealth v. Weir**, 239 A.3d 25, 37 (Pa. 2020); **Commonwealth v. Wright**, 276 A.3d 821, 827 (Pa. Super. 2022). We conclude that Appellant is correct that the Clarion County Jail is not an entity entitled to restitution and therefore do not reach Appellant's second issue.

Section 1106 of the Crimes Code provides that the court shall impose restitution as a mandatory part of the defendant's sentence where the defendant has been convicted of a crime in which "property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value

_____

imposed on May 9, 2022. **Commonwealth v. Cochran**, 244 A.3d 413, 420-22 (Pa. 2021).

substantially decreased as a direct result of the crime" or "the victim, if an individual, suffered personal injury directly resulting from the crime."  18 Pa.C.S. § 1106(a).  A court may only order that the defendant pay restitution to the victim of his crime or to certain entities that have compensated the victim.  **Commonwealth v. Veon**, 150 A.3d 435, 453-54 (Pa. 2016); **Wright**, 276 A.3d at 828-30.  A restitution order that requires the defendant to pay restitution to an entity that is not a victim and has not compensated a victim is an illegal sentence and must be vacated.  **Veon**, 150 A.3d at 453-55; **Wright**, 276 A.3d at 830.

Section 1106 defines a "victim" to whom a defendant may be ordered to pay restitution as "[a]n individual against whom a crime has been committed or attempted," certain family members of such a direct victim, "an affected government agency, the Crime Victim's Compensation Fund, if compensation has been paid by the Crime Victim's Compensation Fund to the victim, any insurance company that has compensated the victim for loss under an insurance contract and any business entity."  18 Pa.C.S. § 1106(h); 18 P.S. § 11.103.[4]  An "affected government agency" to whom a defendant may

_____

[4] Prior to October 2018, the definition of "victim" was restricted to individual victims of the defendant's crime, certain of their family members, and the Crime Victim's Compensation Fund and insurance companies to the extent that those entities had compensated the victim.  18 Pa.C.S. § 1106(h) (in effect January 31, 2005 to October 23, 2018); **Veon**, 150 A.3d at 454-55; **Commonwealth v. Hunt**, 220 A.3d 582, 588-89 (Pa. Super. 2019).  Section 1106, however, was amended effective October 24, 2018.  **Hunt**, 220 A.3d at

be ordered to pay restitution is defined as "[t]he Commonwealth, a political subdivision or local authority that has sustained injury to property." 18 Pa.C.S. § 1106(h).

The Clarion County Jail is not an entity that falls within the definition of a "victim" under Section 1106. It is not an "individual against whom a crime has been committed or attempted," as it is neither an individual nor a person who was assaulted by Appellant. It also is not an "affected government agency," as Appellant's crime did not injure or damage Clarion County Jail's property. Appellant's assault injured only Victim and only caused personal injuries, not property damage. Indeed, the trial court did not hold that the Clarion County Jail was entitled to restitution as a victim of Appellant's crime. Rather, it concluded that Appellant could be ordered to pay restitution to the Clarion County Jail on the grounds that the Clarion County Jail was a government entity that was compensating Victim by paying Victim's medical expenses. Trial Court Opinion at 2-4.

A government entity that is not a victim of the defendant's crime is entitled to restitution where it has compensated the victim for loss that the victim suffered as a result of the defendant's crime. **Veon**, 150 A.3d at 451-

---

585. Because Appellant committed his assault in 2021, after the amendment was in effect, the current version of Section 1106, which we quote herein, is applicable to this case. **Wright**, 276 A.3d at 826 n.2.

55 (Pa. 2016); ***Commonwealth v. Brown***, 981 A.2d 893, 900-02 (Pa. 2009).

Section 1106(c) provides:

> Mandatory restitution.--
>
> (1) The court shall order full restitution:
>
> (i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. **The court shall not reduce a restitution award by any amount that the victim has received from the Crime Victim's Compensation Board or other government agency but shall order the defendant to pay any restitution ordered for loss previously compensated by the board to the Crime Victim's Compensation Fund or other designated account when the claim involves a government agency in addition to or in place of the board. The court** shall not reduce a restitution award by any amount that the victim has received from an insurance company but **shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company**.
>
> (ii) If restitution to more than one victim is set at the same time, the court shall set priorities of payment. However, when establishing priorities, the court shall order payment in the following order:
>
> (A) Any individual.
>
> (A.1) Any affected government agency.
>
> (B) The Crime Victim's Compensation Board.
>
> (C) **Any other government agency which has provided reimbursement to the victim** as a result of the defendant's criminal conduct.
>
> (D) Any insurance company which has provided reimbursement to the victim as a result of the defendant's criminal conduct.
>
> (E) Any estate or testamentary trust.

(F) Any business entity organized as a nonprofit or not-for-profit entity.

(G) Any other business entity.

18 Pa.C.S. § 1106(c) (emphasis added).

Payment of a victim's medical bills constitutes payment of compensation and reimbursement to the victim. *Brown*, 981 A.2d at 900-02. Accordingly, a defendant may be ordered to pay restitution to a government agency that has paid the victim's medical bills for treatment of injuries that were caused by the defendant's crime, even though the government agency paid the provider directly rather than paying the victim. *Veon*, 150 A.3d at 451-54; *Brown*, 981 A.2d at 902.

The Clarion County Jail, however, cannot be entitled to restitution on this basis because the record showed that it had not made any payments.[5]

_____

[5] Appellant argues that the Clarion County Jail cannot be entitled to restitution as a provider of compensation to Victim under *Brown* because this Court held in *Commonwealth v. Figueroa*, 691 A.2d 487 (Pa. Super. 1997) that medical care provided to an injured prisoner is an entitlement, not compensation. We do not base our decision on this ground. Although *Figueroa* pre-dates our Supreme Court's decision in *Brown*, it remains good law. *Veon*, 150 A.3d at 452-53; *Brown*, 981 A.2d at 900-02. It is, however, unclear whether *Figueroa* applies to the situation in this case. In *Figueroa*, the prison was the provider of the victim's medical care, not a payor of medical bills for care provided by another institution, and sought restitution for the medical services that it provided to the victim. 691 A.2d at 493 (Olszewski, J., dissenting). This Court held that the prison was not entitled to restitution because a government agency's providing treatment or services that it is obligated to provide does not constitute compensation to or reimbursement of a victim. *Id.* at 490-91. Here, the restitution was for bills from third parties for medical care provided to Victim, not for the cost of services provided by

Both Section 1106 and our Supreme Court's decision in **Veon** make clear that restitution to a government agency for compensation or reimbursement to a victim is permissible only where the government agency has, in fact, already paid the victim or already paid the third party on the victim's behalf.

Section 1106(c) provides that the court shall order the defendant to pay restitution for "loss **previously** compensated" by a government agency to the government agency and lists as parties that may receive restitution a "government agency which **has provided** reimbursement to the victim as a result of the defendant's criminal conduct." 18 Pa.C.S. § 1106(c)(1)(i), (ii)(C) (emphasis added). Nothing in Section 1106 provides that restitution may be paid to a non-victim simply because the non-victim has an unfulfilled obligation to compensate the victim or pay for the victim's loss. Our Supreme Court thus held in **Veon** that "it is clear that no restitution may be paid except to a 'victim,' the two categories of **government entities that the General Assembly has authorized to compensate victims (when they have, in fact, done so)**, or victims' insurance policies for monies paid to insured victims." 150 A.3d at 453 (emphasis added). The Supreme Court further

_____

the Clarion County Jail. If Victim was personally liable for payment of those medical bills, a matter which is not clear from the record, payment of those bills would constitute compensation and reimbursement provided to Victim and would support a restitution order. **Brown**, 981 A.2d at 902. In light of our ruling that the Clarion County Jail cannot be entitled to restitution because it has not paid any of the medical bills, we need not resolve whether the medical bills here were an obligation of Victim or solely an obligation of the Clarion County Jail and other government agencies.

ruled that for non-victim government agencies to be entitled to restitution, Section 1106 "require[s] first that the agency in question **have provided compensation** to a victim." *Id.* at 454 (emphasis added).

The record from the restitution hearing showed that the Clarion County Jail had not paid any portion of the medical bills on which the restitution order was based. The warden testified:

> Q. So Warden Hornberger, as far as the monies that have actually been paid out at this point in time, I know we've heard this eighty-three thousand dollar figure as having been billed, but has any money, to your knowledge, been paid at this point in time?
>
> A. No, it has not.

N.T. Restitution at 15. The Clarion County Jail is therefore not a government agency that had provided compensation or reimbursement to Victim and is not entitled to restitution under the plain language of Section 1106. *Veon*, 150 A.3d at 453-54.

Because there is no statutory authority that permitted the trial court to order Appellant to pay restitution to the Clarion County Jail, the trial court's May 9, 2022 restitution order is an illegal sentence. We therefore vacate that restitution portion of Appellant's sentence and remand this case to the trial court for determination whether there is another party who is entitled to restitution in this case, either Victim, if he is eligible for restitution, or a different government agency that at the time that Appellant was sentenced had compensated Victim directly or paid medical expenses from Appellant's assault for which Victim was responsible. If the trial court on remand finds

that Victim or such other government agency is entitled to restitution, the trial court shall impose a new restitution sentence ordering Appellant to pay restitution to Victim and/or such other government agency.[6]

Judgment of sentence vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2023

---

[6] Because the trial court imposed Appellant's probation sentence over a month before it considered and determined what, if any, restitution it would impose, the restitution order cannot have been an integral part of its sentencing scheme. It is therefore unnecessary to vacate the other portions of Appellant's sentence.